UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

| | |
|---|---|
| CHRISTINA RODRIGUEZ,<br><br>                                                Plaintiff,<br><br>             -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, DETECTIVE LYLIANA MOYA, DETECTIVES JOHN DOES #1-4, Police Officers of the City of New York, in their individual and official capacities.<br><br>                                                Defendants. | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE MOYA**<br><br>11-CV-3282 (WFK) (JO)<br><br>JURY TRIAL DEMANDED |

-------------------------------------------------------------------------------x

        Defendants City of New York and Detective Lyliana Moya, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiff's Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 15, 2010.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that a document purporting to be a Notice of Claim was received in writing and purports to contain the names and addresses of the plaintiff and plaintiff's attorney.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim purports to set out the nature of the claim, the time, place, and manner in which the claim arose, and the damages and injuries claimed to have been sustained by the plaintiff.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Detective Moya was an employee of the New York City Police Department, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Does #1-4 as they pertain to unidentified defendants, and further state that whether Detective Moya acted under color of state law constitutes a legal conclusion to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Detective Moya was an employee of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Does #1-4 as they pertain to unidentified defendants.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Detective Lyliana Moya was an employee of the New York City Police Department and that she was on duty on May 28, 2010.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint as they pertain to unidentified defendants.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint as they pertain to unidentified defendants.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff was arrested at approximately 6:30 p.m., on May 28, 2010.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

### FIRST AFFIRMATIVE DEFENSE:

60. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City or Moya.

### THIRD AFFIRMATIVE DEFENSE:

62. Plaintiff provoked any incident.

### FOURTH AFFIRMATIVE DEFENSE:

63. Defendants City and Moya have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

64. There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

65. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**SEVENTH AFFIRMATIVE DEFENSE:**

66. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**EIGHTH AFFIRMATIVE DEFENSE:**

67. At all times relevant to the acts alleged in the complaint, defendant Moya acted reasonably in the proper and lawful exercise of her discretion.

**NINTH AFFIRMATIVE DEFENSE:**

68. Plaintiff has failed to mitigate her alleged damages.

**TENTH AFFIRMATIVE DEFENSE:**

69. Punitive damages cannot be assessed against defendant City.

**ELEVENTH AFFIRMATIVE DEFENSE:**

70. The New York City Police Department is a non-suable entity.

**TWELFTH AFFIRMATIVE DEFENSE:**

71. Defendant Moya has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**WHEREFORE,** defendants City and Moya request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 21, 2011

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the City of
                              New York
                            *Attorney for Defendants City and Moya*
                            100 Church Street, Room 3-175
                            New York, New York 10007
                            (212) 788-0861


                            By:        /s/
                                Max McCann
                                *Assistant Corporation Counsel*


cc:    Paul V. Prestia, Esq. (via ECF)